Vernell McCULLOCH, Independent Executrix, Appellant,

v.

Laurence APPLIN, Appellee.

No. 5697.

Court of Civil Appeals of Texas, Waco

July 14, 1977.

Dean Woodward and Homer E. Dean, Jr., Alice, for appellant.

Don E. Harris, Franklin, for appellee.

HALL, Justice.

Laurence Applin brought this action in the form of a suit on a sworn account to recover an alleged balance due for materials and labor furnished and personal service rendered for the repairing and remodeling of a house owned by Jimmy Ivan Dick and Charlene Lanell Dick. Mr. and Mrs. Dick are now deceased, and this suit was brought against Vernell McCulloch who is independent executrix of the Dicks' estates. After a hearing without a jury, judgment was rendered for plaintiff. Defendant appeals. We affirm.

■ The court permitted plaintiff to introduce his pleadings as prima facie proof of his claim, in accordance with the terms of Rule 185, Vernon's Tex.Rules Civ.Proc., relating to sworn accounts.[1] Defendant

---

1. Rule 185. Suit on Sworn Account. When any action . . . is founded upon an open account or claim for goods, wares and merchandise . . . or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney . . . to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall . . . file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . .

says that the cause pleaded by plaintiff is one on special contract and not on sworn account, and only for this reason contends that the court erred in accepting plaintiff's petition as proof under Rule 185. We overrule this contention.

Plaintiff pleaded an agreement with Mr. and Mrs. Dick under which he was to provide materials and labor for repairing and remodeling the Dick home and oversee the work. When the job was completed, the Dicks were to reimburse plaintiff for the costs incurred by him for materials and labor used on the job plus $700.00 for his personal service. Plaintiff attached a number of exhibits to his petition allegedly showing items of materials and labor used on the Dick house and their costs, and supported the pleading with an affidavit, stating he "has personal knowledge [of the annexed claim, account, and cause of action]; that same is just and true, that it is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed." Plainly, under plaintiff's agreement with the Dicks, charges to their account with plaintiff would be made for materials and labor during the progress of the remodel-repair job. The total amount due plaintiff would not be known until the job ended. The account was open until that time. It was a proper one for suit under Rule 185.

Defendant objected to the tender of plaintiff's petition into evidence on the ground it was inadmissible under the terms of Article 3716, Vernon's Tex.Civ.St., the so-called "Dead Man's Statute." The objection was overruled, and defendant assigns error to this ruling.

In its pertinent parts Article 3716 provides that in an action by or against an executor arising out of a transaction with the decedent neither party shall be allowed to testify against the other as to any transactions with the decedent unless called to testify thereto by the opposite party.

In our case, plaintiff proved his agreement with the Dicks and the fact that he furnished materials and made repairs on their house by the testimony of witnesses who are not parties to the suit. The only purpose served by plaintiff's petition and its attached account was the showing of the nature and amount of the materials and labor furnished by plaintiff and their value. There is no showing in the record that knowledge of these facts was gained by the plaintiff from transactions with the decedents; inferentially the proof shows that he learned and knew these things independently of his relationship with them. Defendant's objection was properly overruled.

The judgment is affirmed.